**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| Victor Watkins,<br><br>Petitioner,<br><br>v.<br><br>Jason Garnett, Chief of Parole,<br>Illinois Department of Corrections,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19 C 2878<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

Petitioner Victor Watkins, a prisoner on mandatory supervised release in Chicago, Illinois,[1] brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2013 burglary conviction from the Circuit Court of Cook County. The Court denies the petition on the merits and declines to issue a certificate of appealability.

## I. Background

The Court draws the following factual history from the state court record [11] and state appellate court opinions. State court factual findings, including facts set forth in state court opinions, have a presumption of correctness, and Petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C § 2254(e)(1); *Tharpe v. Sellers*, 138 S. Ct. 545, 546 (2018); *Hartsfield v. Dorethy*, 949

[1] A prisoner serving mandatory supervised release is "in custody" for purpose of petitioning for a writ of habeas corpus. *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004).

F.3d 307, 309 n.1 (7th Cir. 2020) (citations omitted). Petitioner has not made such a showing.

The victim, Donita Nurse, testified at trial that she parked her car on the street on the evening of August 3, 2011. *Illinois v. Watkins*, No. 2015 IL App (1st) 133816-U, 2015 WL 7965507, at *3 (Ill. App. Ct. Dec. 4, 2015). She found the car broken into the next morning with the front passenger side window broken and the door and trunk open. *Id.* Her mother's Vicodin pills were missing from the car's front cup holder, and hair products she used for her job were missing from the trunk. *Id.* She noticed blood on the interior handle of the front passenger side door. *Id.* She took the car to the police station and filed a report, and an evidence technician swabbed the inside of the vehicle. *Id.* Petitioner's DNA was later matched to the blood sample from the car. *Id.* Ms. Nurse testified that she did not know Petitioner and did not give him permission to enter her car.

Petitioner was found guilty of burglary and, given his prior convictions, was sentenced to 12 years in prison. *Id.* at *1. The Appellate Court of Illinois affirmed his conviction and sentence on direct appeal. *Id.* at *7. And the Supreme Court of Illinois denied his petition for leave to appeal (PLA), thus completing his direct appeal process. *Illinois v. Watkins*, No. 120276, 48 N.E.3d 1096 (Ill. Mar. 20, 2016) (Table).

Petitioner then brought a postconviction petition before the state trial court. [11-6] at 2; [11-9] at 72. The trial court dismissed the petition and Petitioner appealed to the appellate court. [11-6] at 2. On appeal, the state appellate court

granted Petitioner's appointed appellate attorney's motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirmed the dismissal of the postconviction petition. *Illinois v. Watkins*, No. 1-18-2297 (Ill. App. Ct. July 18, 2019) [11-6] at 3. Petitioner did not bring a PLA following the appellate court's affirmance of the dismissal of his postconviction petition. [1] at 3.[2] Petitioner now brings the instant habeas corpus petition.

## II. Analysis

In the present habeas corpus petition, Petitioner alleges that: (1) the charging complaint contained a perjured statement and the prosecution presented false charges to the grand jury; (2) the conviction was supported by insufficient evidence; (3) his counsel provided ineffective assistance; and (4) his conviction was unlawful and having to serve his prison sentence constitutes a miscarriage of justice. Respondent argues that Petitioner's claims both lack merit and remain procedurally defaulted. This Court agrees.

### A. Petitioner's Claims Are Procedurally Defaulted

To preserve a claim for federal habeas corpus review, a prisoner must fairly present the claim through one complete round of state court review, including via a PLA before the Supreme Court of Illinois. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845–46 (1999); *Weaver v. Nicholson*, 892 F.3d 878, 886 (7th Cir. 2018).

On direct appeal before the state appellate court, Petitioner challenged the

[2] Petitioner concedes in his instant habeas corpus petition that he did not bring a postconviction PLA. [1] at 3. The Supreme Court of Illinois Clerk's Office also confirmed the absence of any PLA.

sufficiency of his waiver of his right to a jury trial, and claimed his sentence was excessive. [11-2] at 2–3. He raised these same issues in his PLA on direct appeal. [11-5] at 4. But he does not raise them here, and Petitioner's postconviction proceedings failed to properly exhaust any claims because Petitioner failed to bring a PLA on postconviction review. *Boerckel*, 526 U.S. 838, 845–46. As a result, all of Petitioner's claims succumb to procedural default.

Although there are exceptions to excuse procedural default—cause and prejudice and a fundamental miscarriage of justice—neither applies here. Regarding cause and prejudice, cause is an "'objective factor, external to [Petitioner] that impeded his efforts to raise the claim in an earlier proceeding.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Smith v. McKee*, 596 F.3d 374, 382 (7th Cir. 2010)). Examples of cause include: (1) interference by officials making compliance impractical; (2) the factual or legal basis was not reasonably available to counsel; or (3) ineffective assistance of counsel. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (citing *McCleskey v. Zant*, 499 U.S. 467 (1991)). None of these apply here.

This leaves the fundamental miscarriage of justice (actual innocence) gateway to excuse Petitioner's defaults. To show actual innocence to defeat a default, Petitioner must demonstrate that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298,

329 (1995)). This is a "demanding" and "seldom met" standard. *McQuiggin*, 569 U.S. at 386 (citing *House v. Bell*, 547 U.S. 518, 538 (2006)). Petitioner must present new, reliable evidence that was not presented at trial—such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—to make a credible claim of actual innocence. *House*, 547 U.S. at 537 (citing *Schlup*, 513 U.S. at 324); *see McDonald v. Lemke*, 737 F.3d 476, 483-84 (7th Cir. 2013) (quoting *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("[A]dequate evidence is 'documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who places him out of the city, with credit card slips, photographs, and phone logs to back up the claim.'")). Here, the record undermines any claim of innocence; indeed, Petitioner's DNA was found in the victim's car. As a result, all of Petitioner's claims are procedurally defaulted.

**B. Petitioner's Claims Lack Merit**

In addition to being procedurally defaulted, Petitioner's claims also fail on their merits.

**1. Claim One**

Petitioner alleges in Claim One that the criminal complaint brought in his case violated 725 ILCS 5/111-3(b). That statute requires that a criminal complaint must be sworn and signed by the complainant. Here, Petitioner argues that the complaint was signed, not by the victim, Donita Nurse, but instead by the investigating detective, Daniel Freeman. [1] at 13. Petitioner alleges the error was compounded

because he was later charged by a grand jury, and the grand jury indictment, in turn, prevented the defective complaint issue from being resolved at a preliminary hearing. Petitioner believes the prosecution's use of the grand jury in this fashion violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Mooney v. Holohan*, 294 U.S. 103 (1935).

The foundation of Petitioner's claim arises from an alleged violation of 725 ILCS 5/111-3(b), but a violation of an Illinois statute fails to raise a cognizable claim for federal habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Petitioner attempts to transform his argument into a federal claim by invoking *Brady* (which requires the disclosure of exculpatory evidence) and *Mooney* (prohibiting the use of perjured testimony). But any alleged federal constitutional error during the charging and grand jury process would be harmless because Petitioner was found guilty beyond a reasonable doubt at trial. *United States v. Mechanik*, 475 U.S. 66, 70 (1986); *United States v. Warner*, 498 F.3d 666, 702 (7th Cir. 2007). Thus, Claim One lacks merit in addition to being defaulted.

**2. Claim Two**

Claim Two challenges the sufficiency of the evidence supporting Petitioner's burglary conviction. Petitioner argues that there was no evidence connecting him to the crime. The evidence is "sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

The evidence at trial showed that the victim discovered her car broken into with items missing from the car. *Watkins*, No. 2015 IL App (1st) 133816-U, 2015 WL 7965507, at *3. There was also a broken window with blood inside the car. *Id.* Petitioner's DNA was matched to the blood. *Id.* The victim testified that she did not know Petitioner and did not give him permission to enter her car. *Id.* The smashed window, ransacked car, and missing property, combined with the presence of Petitioner's DNA in the car, all support his conviction. Claim Two lacks merit.

**3. Claim Three**

Claim Three alleges ineffective assistance of counsel, though Petitioner does not explain how counsel's performance fell short. To the extent Petitioner faults counsel for failing to raise his present arguments, his claim fails. The instant claims lack merit, and the Court cannot fault an attorney for failing to raise frivolous arguments. *Carrion v. Butler*, 835 F.3d 764, 779 (7th Cir. 2016). Petitioner also cannot demonstrate that he was prejudiced by any alleged deficient performance by counsel because the evidence of his guilt was overwhelming. Claim Three is denied on the merits, as well as procedurally defaulted.

**4. Claim Four**

Claim Four alleges a miscarriage of justice resulting from his incarceration on these charges. As explained, the Court sees no error in this case, and so there is no

corresponding miscarriage of justice as Petitioner claims. Petitioner also claims the state failed to hear his claims. But the state courts reviewed Petitioner's conviction both on direct appeal and on postconviction proceedings. Claim Four lacks merit.

For all of these reasons, the Court denies Petitioner's habeas corpus petition based upon procedural default and an absence of merit.

## III. Certificate of Appealability and Notice of Appeal Rights

The Court declines to issue a certificate of appealability. Petitioner cannot make a substantial showing of the denial of any constitutional right; that is, reasonable jurists would not debate, much less disagree, with this Court's resolution of Petitioner's claims. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. If Petitioner wishes the Court to reconsider its judgment, however, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal

until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## IV. Conclusion

The Court denies Petitioner's habeas corpus petition [1], based upon procedural default and on the merits, and denies any and all pending motions as moot. The Court declines to issue a certificate of appealability. The Clerk is instructed to enter a Rule 58 judgment in favor of Respondent and against Petitioner. Civil Case Terminated.

Dated: September 26, 2022

Entered:

John Robert Blakey
United States District Judge